# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3116 | **DATE** | 8/13/2004 |
| **CASE TITLE** | YCA, LLC vs. Kevin J. Berry | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court awards YCA $72,472.25 in attorneys' fees, $109.02 for copying charges, $5,920.00 for forensic costs, and $855.00 for court reporter costs for a total of $79,356.27 in fees and costs.
(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials: WAP

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YCA, LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>KEVIN J. BERRY,<br><br>            Defendant. | Case No. 03 C 3116<br><br>Hon. Harry D. Leinenweber |

FILED
AUG 1 3 2004
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

DOCKETED
AUG 1 6 2004

### MEMORANDUM OPINION AND ORDER

In its May 27, 2004 order, the Court partially granted Plaintiff YCA, LLC's (hereinafter, "YCA") motion for sanctions against Defendant Kevin Berry (hereinafter, "Berry") for Berry's misleading and dishonest deposition testimony. Although the Court denied YCA's requested sanction of a default judgment, it ordered that YCA should receive "all of its attorneys' fees and costs associated with the taking of Berry's depositions, responding to Berry's summary judgment motion, preparing its own summary judgment motion on the cross-claims, preparing its own default judgment motion, and retaining [Robert] Mandall's services to recover deleted documents on Berry's YCA computer." YCA v. Berry, 2004 U.S. Dist. LEXIS 8129 at *23. YCA has now motioned for the award of attorneys' fees and costs granted to it by the May 27, 2004 order, seeking a total of $101,274.26 in attorneys' fees and $18,614.79 in costs.

# I. DISCUSSION

## A. Berry's Procedural Objections

Berry objects to YCA's motion on a few procedural grounds. First, Berry argues that YCA's motion is premature because this case remains ongoing at the District Court level. As such, Berry cannot immediately appeal the award to the Seventh Circuit, nor can he presently contest the underlying factual findings that led to the Court's sanction. Believing this unfair and improper, Berry contends that the Court should issue its award of fees or costs only at the conclusion of litigation, when Berry would have the opportunity of engaging in a swift appeal. For support, Berry cites Sonii v. General Elec. Co., 359 F.3d 448, 449 (7th Cir. 2004) and Cunningham v. Hamilton County, 527 U.S. 198, 204 (1999). Unfortunately for Berry, these cases actually stand for the polar opposite conclusion. In fact, Sonii actually cites Cunningham for the proposition that "appellate review of pre-judgment decisions about fees is deferred until the litigation is over." Sonii, 359 F.3d at 449. In other words, courts are permitted to issue decisions about fees before the conclusion of litigation, and such decisions are not subject to interlocutory appeal. The Court therefore rejects Berry's frivolous argument that it cannot award fees or costs now.

Berry also argues that YCA needed to comply with Local Rule 54.3 prior to submitting its petition for fees and costs.

Yet, as Berry himself admits, Local Rule 54.3(a) itself states that it "does not apply to motions for sanctions under FED. R. CIV. P. 11 or other sanctions provisions." Here, the Court imposed sanctions under its inherent authority so as to achieve orderly and expeditious disposition of cases. Berry, 2004 U.S. Dist. LEXIS 8129 at *20. This clearly qualifies as one of the "other sanctions provisions" exempt from the requirements of Local Rule 54.3. As such, this argument fails.

### B. YCA's Petition for Attorneys' Fees

Moving on to the substance of YCA's petition, the Court, sua sponte, notices some problems with YCA's fee application. As noted above, the Court did not grant a sanction of full attorneys' fees, but only those fees relating to "taking of Berry's depositions, responding to Berry's summary judgment motion, preparing its own summary judgment motion on the cross-claims, preparing its own default judgment motion, and retaining [Robert] Mandall's services to recover deleted documents on Berry's YCA computer." However, some of the entries in YCA's petition appear to relate, in whole or in part, to other portions of the case. Numerous entries refer to work relating to "depositions of PMAlliance officials," "depositions of Wilson, Berry," or simply "depositions" with no indication of which depositions were being discussed. Almost certainly, such entries at least partially reflect work done on depositions other than Berry's, and therefore not covered by the

Court's sanction. Likewise, some entries include phrases such as "telephone conference with local counsel regarding service of amended subpoena duces tecum *and for deposition of Kevin Berry.*" (emphasis added). Such entries apparently reflect a co-mingling of work and fees for the recoverable purpose of preparing for Kevin Berry's deposition with the non-recoverable purpose of general discovery. For a point of reference, these types of entries are far more common in YCA's requests for fees paid to local counsel.

In total, the Court believes such questionable entries amount to $6,634.76. Since the Court cannot decipher what exact percentage of that time related to recoverable purposes under the sanctions, the Court elects to take a "rough guess" that 70% of it did not. Therefore, the Court reduces the attorneys' fees for time by 70%, or $4,644.33, meaning that YCA can only recover $1,990.43 for this time. See Harper v. City of Chicago Heights, 223 F.3d 593, 605 (7th Cir. 2000)("when a fee petition is vague or inadequately documented, a district court may either strike the problematic entries or . . . reduce the proposed fee by a reasonable percentage").

Berry also attacks YCA's request to recover LEXIS computerized research charges as improper. Berry notes correctly that, under Seventh Circuit law, computerized research charges are recoverable only as a form of attorneys' fees, and not as costs. See Montogermy v. Aetna Plywood, Inc., 231 F.3d 399, 409 (7th Cir.
- 4 -

2000). In its petition however, YCA improperly characterized its request for $2,223.00 of LEXIS fees as "expenses" rather than as "attorney's fees." Therefore, Berry requests that the Court deny YCA's petition for LEXIS charges.

The Court notes that its sanctions cover "all of [YCA's] attorneys' fees and costs" associated with specified legal activities. Therefore, the Court believes it legally irrelevant whether YCA characterized its LEXIS charges as "fees" or "expenses," and elects to excuse YCA's procedural mistake. That being said, the Court cannot excuse YCA's inadequate documentation of its LEXIS expenses. YCA provides the Court only with a one-page unofficial list of its LEXIS expenses, without any official receipts or even explanation of what it incurred these expenses for. In the Court's view, this inadequate documentation prevents YCA from recovering these alleged costs in their entirety.

Berry also generally attacks YCA's requested fees and costs as excessive. Berry contends that YCA "failed to exercise billing judgment," leading to accessed fees for unimportant or redundant work. To support this claim, Berry cites numerous examples of work he feels was unjustifiably billed. This list, among other things, includes YCA's attorneys' bill for two hours of attorney Jeffery Hiller's time for attending Berry's deposition, although Hiller did not actually take Berry's deposition, 228 hours for preparing YCA's

response to Berry's summary judgment motion, and 45 hours preparing YCA's motion for default judgment.

The Court agrees that YCA's fee petition does appear somewhat excessive. After the Court's previously detailed markdowns, YCA is left with $96,629.67 in claimed fees. In the interests of justice, the Court believes it appropriate to knock off 25% of this charge as excessive. Dugan v. R.J. Corman Company/Material, 2004 U.S. Dist. LEXIS 3807 at *8-9 (N.D. Ill. 2004)(court may reduce fees by a fixed percentage when it finds the original requested fees unreasonable). The Court therefore awards YCA attorneys' fees of $72,472.25.

### C. YCA's Petition for Costs

With respect to YCA's petition for costs, YCA's telephone, travel and courier expenses suffer from the same lack of documentation as YCA's LEXIS costs. Specifically, YCA has provided the Court solely with a self-prepared summary of its costs, devoid of receipts or even description of what the funds were expended for. Therefore, the Court denies these costs.

Most of YCA's other costs also suffer from inadequate documentation. For instance, YCA requests $3,513.77 in copying costs, but provides receipts for only $389.02 of that. Even of that amount, only $109.02 includes a charge of how many copies printed, and the price per page. For the remainder, YCA gives the Court only its unsworn statements of counsel that the charges

reflect YCA's in-house rate of $.25 per copy. Although, for purposes of this motion, YCA may not have to comply with the technical requirements of Local Rule 54.3, the Court feels it nevertheless must provide solid evidence to account for its costs and fees. The Court therefore permits only $109.02 for copying charges.

Similarly, although YCA requests $7,600.00 in forensic costs for Mandall's review of Berry's computer, the Court notes that only $5,200.00 of this amount is sufficiently documented as "Forensics YCA Berry." The remainder is described solely as "Forensic Consulting" with no account as to what the consulting involving. Since the same receipt includes an entry for "Forensic Consulting/Wilson PM hd," it is possible, if not likely, that this miscellaneous "consulting" partially involved matters other than the Berry hard drive, and therefore falls outside of the scope of the Court's sanctions. Indeed, based on this poor documentation, YCA itself has agreed to reduce the total amount it requests for the consulting to $6,200.00. The Court does not believe this reduction quite sufficies to overcome the poor documentation. Rather, the Court chooses to reduce this poorly documented $2,400.00 in forensic expenses by 70%, and awards a total of $5,920.00 in forensic costs.

Lastly, YCA's claimed fees for deposition transcripts are excessive, and must be reduced. According to the Judicial

Conference of the United States, parties may recover only $3.00 per page for regular transcripts. See Judicial Conference of the United States, Guide to Judiciary Policies & Procedures, Court Reporters' Manual, Ch. 20, Pt. 20.3. As Berry points out, this would amount to no more than $855.00 for the claimed depositions, far below the $2,126.65 sought by YCA. The Court therefore grants only $855.00 for court reporter costs.

## CONCLUSION

In total, the Court awards YCA $72,472.25 in attorneys' fees, $109.02 for copying charges, $5,920.00 for forensic costs, and $855.00 for court reporter costs for a total of $79,356.27 in fees and costs.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: August 13, 2004